By the Court.*—James C. Smith, P. J.
The question is whether the plaintiff is entitled to the amount of costs on appeal given by the fifth subdivision- of section 307 of the Code. A bare reference to the language of the section is sufficient to determine the question in the plaintiff’s favor. The section provides that “ when allowed, costs shall be as *185 follows : * * 5. To either party oh appeal except to the court of appeals, and except appeals in the cases mentioned in section 349, before argument, fifteen dollars; for argument, thirty dollars,” &c. The only appeals authorized by section 349, are those taken from orders in actions in the supreme court (11 How., 203; 20 Id., 421). The appeal in this case not being one of that class, nor an appeal to the court of appeals, is not within either of the exceptions, and is therefore one of the cases in which costs are given by section 307. It is an appeal under section 344, as amended in 1860. That section is a part of chapter 3 of title 11, which is entitled “ appeals to the supreme court from an inferior court,” while section 349 is in chapter 4, which is entitled “ appeals in the supreme court * * from a single judge to the general term.” Prior to the amendment of section 344, it was held that there was no right of appeal to the supreme court from an interlocutory order made in the progress of a cause in a county court (Smith v. Hart, 11 How., 203). ■ The amendment seems to have been adopted to supply the want pointed out by that decision.
It is apparent that the above cited provisions of section 307 in respect to costs on appeal was intended to apply to appeals from orders as well as to those from judgments,' since one class of appeals from orders, to wit, those authorized by section 349, are expressly excepted from its operation.
The only considerations suggested in opposition to the views above expressed, are "that it is unreasonable to allow full costs in appeals from orders under section 344, while limiting them to mere motion costs in appeals under section 349, and that the legislature in adopting the amendment to section 344, may have overlooked the effect produced by it in connection with section 307 upon the costs of appeals to be brought under its provisions. These considerations would be entitled to much weight, if the legislature had employed words of doubtful meaning, but they have not done so. Their language is clear and unambiguous, and we cannot assume that they overlooked its obvious and necessary effect, or that they intended to express a different meaning. However unreason *186 able or impolitic the provision may be, the courts have no power to amend it.
The plaintiff’s right to full costs being given by statute, the court cannot take it away, and the provision in the order limiting his costs to ten dollars is a nullity. It being void, the entering of the order in that form, was not a waiver of the plaintiff’s right to costs, and he was regular in afterwards procuring them to be adjusted.
The order should be affirmed, but without costs, as the question is novel, and one of practice merely.
All concurring, ordered accordingly.

Present—J. C. Smith, P. J., and E. D. Smith and Johnson, J. J.